# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JIMMY MASON. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09-CV-1081 CAS |
| | ) |
| SAFECO INSURANCE COMPANY OF AMERICA, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Safeco Insurance Company of America's ("Safeco") motion for summary judgment. Plaintiff opposes the motion and it is fully briefed and ready for decision. For the following reasons, the Court will deny the motion.

**Factual Background**

Plaintiff owns a Sea Ray XM boat ("Sea Ray"), which is insured by Safeco. The Sea Ray was involved in a two-boat collision on the Lake of the Ozarks on August 23, 2003. In the collision, the Sea Ray's hull was punctured and the boat took on approximately eighteen to twenty inches of water in the cabin. Plaintiff reported the accident to his insurance agent on or about August 25, 2003. On September 8, 2003, plaintiff advised Safeco that the Sea Ray had been moved to Four Seasons Marina in Lake Ozarks for a repair estimate. Four Seasons estimated repairs to the Sea Ray would cost $38,375.58, and plaintiff passed this information on to Safeco. Plaintiff also advised Safeco that after the accident he had the boat drained of water and the cabin cleaned and debris removed. On September 23, 2003, plaintiff advised Safeco that he was uncertain whether he intended to repair the Sea Ray and planned to move it to dry storage, but asked Safeco to issue a check payable to him for the cost of repairs. On approximately October 7, 2003, Safeco issued a

check to plaintiff for $38,100.56. In January 2004, plaintiff contracted with Larry's Professional Marine to perform repairs to the Sea Ray, and in June 2004 advised Safeco that the repairs had been completed but the Sea Ray's carpet could not be cleaned. Safeco issued a second check to plaintiff for $2,662.36 for carpet replacement.

At some point in the spring or summer of 2004, plaintiff notified Safeco that he suspected there was mold on the boat. Plaintiff made several unsuccessful attempts to communicate with Safeco between November 2004 and February 2005. Plaintiff filed this action in state court on August 21, 2008 and it was removed to this Court in 2009. In March 2009, Safeco requested an inspection of the Sea Ray for possible mold contamination, and the inspection took place on May 22, 2009. The Sea Ray was inspected by Jesse Flaugher of Safeco and Doug Beck of Lake Ozark Environmental. On May 29, 2009, Mr. Beck sent a report to Mr. Flaugher indicating the presence of some surface mold in the boat. The report also made several recommendations to reduce the presence of mold, including that the mold be cleaned and the boat's humidity lowered.

**Legal Standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing

2

there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

**Discussion**

Safeco moves for summary judgment on two grounds. First, Safeco argues that plaintiff has not offered any admissible evidence that the mold on the Sea Ray boat is related to the August 2003 accident, and therefore under the terms of the insurance policy at issue, there is no coverage because there is no accidental loss of or damage to the insured property. Second, Safeco argues that even if plaintiff could establish that the mold is causally related to the August 2003 accident, he breached his duties under the policy to protect the boat from further damage and minimize loss to the best of his ability, and this breach relieves Safeco of any obligation to pay for any additional damage to the boat that resulted from plaintiff's breach.

With respect to Safeco's first argument, plaintiff identified Thomas Wellington as an expert on the issue of mold contamination. Mr. Wellington opined that mold is growing in the interstitial spaces between the hull of the boat and the interior cabin finishes, and that the mold was the result

3

of the 2003 accident. Although Safeco moved to exclude Mr. Wellington's opinions under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), the Court denied the motion by Memorandum and Order dated August 23, 2010 (Doc. 55). Thus, plaintiff has evidence causally linking the mold in the Sea Ray to the August 2003 accident. As a result, this issue will be a matter for the trier of fact to determine.

With respect to Safeco's argument that plaintiff breached his duty to protect the boat from further damage and minimize loss, the relevant policy provision requires that in the event of a loss, an insured "shall protect the property from further damage and minimize loss to the best of his ability. Safeco shall pay any reasonable expense incurred in order to reduce or avoid loss covered by this policy[.]" Safeco contends that plaintiff delayed in notifying it of the accident and in having the Sea Ray repaired, and argues that all of the damages plaintiff seeks in this action could have been prevented if he had promptly and properly undertaken the boat's repair. Plaintiff responds that he did act immediately after the accident and took reasonable measures with respect to protecting the boat. Plaintiff argues that at the time of the loss, Safeco did not recommend he pursue the aggressive drying technique its expert now opines was the best way to protect the boat.

The Court finds that Safeco has not established that no genuine issues of material fact exist on this issue, or that it is entitled to judgment as a matter of law. Whether plaintiff adequately protected the boat and acted reasonably to minimize the loss is an issue for the trier of fact to determine. In addition, the two cases cited by Safeco in its memorandum of law do not establish that under applicable Missouri law, the failure to protect the property from further damage would bar coverage under the applicable policy provision.

**Conclusion**

For the foregoing reasons, the Court concludes that Safeco's motion for summary judgment should be denied in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Safeco Insurance Company of America's motion for summary judgment is **DENIED**.  [Doc. 35]

                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  23rd  day of August, 2010.